UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE J. PLAISANCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4351** |
| **LINDA S. McMAHON, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **SECTION: "C"** |

## ORDER AND REASONS

Before the Court is a motion to clarify and/or amend the Court's remand order, as well as to dismiss the plaintiff's motion for attorney's fees, filed by the Social Security Administration ("SSA") (Rec. Doc. 33). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, SSA's motion is GRANTED for the following reasons. Additionally, Plaisance's motion for attorney's fees is dismissed as premature (Rec. Doc. 31).

### I. Background

The plaintiff, Lawrence J. Plaisance ("Plaisance"), filed a complaint against the SSA seeking review of the agency's decision denying him disability benefits on August 16, 2006. The parties filed cross motions for summary judgment. On April 10, 2007, Judge Shushan recommended dismissing Plaisance's summary judgment motion, and granting the SSA's summary judgment motion. On August 27, 2007, this Court remanded the matter to the SSA for

1

consideration of additional evidence under 42 U.S.C. § 405(g).

On November 21, 2007, Plaisance entered a motion for attorney's fees under the Equal Access to Justice Act ("EAJA").[1]

The parties now seek clarification regarding the Court's remand order. Specifically, the parties disagree regarding the type of remand that this Court ordered. The SSA asserts that the Court remanded pursuant to sentence six of 42 U.S.C. § 405(g). Plaisance argues that the Court employed sentence four of Section 405(g). Finally, the SSA argues that if the remand was pursuant to sentence six, then Plaisance's motion for attorney's fees under the EAJA should be dismissed as premature.

## II. LAW & ANALYSIS

There are two types of remands under Section 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* Additionally, the sixth sentence of § 405(g) is used when a "court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* Under a sixth sentence remand, the district court does not affirm, modify, or amend the administrative decision. *Id.* at 101. Therefore, under a sixth sentence remand, the parties must return to district court following the remanded proceedings for the entry of a final judgment, which will then "trigger the EAJA filing period [under] 28 U.S.C. § 2412(d)(1)(B)." *Id.* at 102.

---

[1] 28 U.S.C. § 2412(a),(d).

The text of this Court's remand order reads:

IT IS ORDERED that this matter is hereby **REMANDED** to the SSA for a consideration of the additional evidence proffered by Plaisance. *See* 42 U.S.C. § 405(g); *see also Gray v. Barnhart*, 2004 WL 332430 (D.Del. 2/5/2004) (*citing Moore v. Commissioner of the Social Security Administration*, 278 F.3d 920, 926 (9th Cir. 2002); *Hummel v. Heckler*, 736 F.2d 210, 221 (3rd Cir. 1984)).

Rec. Doc. 28, p. 2. *Gray v. Barnhart* quotes the sixth sentence of Section 405(g), "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."*Gray*, 2004 WL 332430, at *4. Thus, this Court based its decision to remand on the sixth sentence of 405(g). Furthermore, no "final judgment" has been entered upon the record for EAJA purposes. Consequently, this Court agrees with the SSA that Plaisance's motion for attorney's fees is premature.

### III. Conclusion

Accordingly,

IT IS ORDERED that the motion to clarify and/or amend the Court's remand order, as well as to dismiss the plaintiff's motion for attorney's fees is GRANTED (Rec. Doc. 33).

IT IS FURTHER ORDERED that Plaisance's motion for attorney's fees is dismissed as premature (Rec. Doc. 31).

New Orleans, Louisiana this 9th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE